No. 545
FORD REALTY CO. v. STEUER

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4530. Decided June 18, 1923
Middleton, Mauck and Sayre, JJ., sitting
This opinion has not been published except in Abstract.

JUDGMENT—Vacation of, not for clerk's omission— Nor for attorney's delinquency.

SAYRE, J.:

January 26, 1920, suit was filed by the defendant, Steuer, in the Cuyahoga Common Pleas, and on March 16, 1920, the attorney for the Realty Company filed a motion to make definite and certain. The clerk of the court failed to note the name of defendant's attorney at docket. The motion was overruled and heard and decree entered in favor of the plaintiff, Steuer, without the knowledge or consent of the defendant's attorney. This action was then brought in the Common Pleas to vacate the former decree and allow the Realty Company to set up a defense which it claims to have had to the action. The former decree was vacated and decree entered in favor of the Realty Company. Steurer files this proceeding in error to reverse the judgment and decree in this action, "On the ground of mistake, neglect, or omission of the clerk or irregularity in obtaining judgment for order. The Court of Appeals held:

1. The only mistake or omission of the clerk was his failure to note counsel's name upon the docket, but no judgment or decree can be vacated on that ground.

2. The evidence shows that after defendant company filed its motion to make more definite and certain, the attorney never gave the case further attention until after the decree was entered, and although being in the city, did not take pains to learn the status of the case.

Neither the fact that he was notified, nor that he was misinformed by opposite counsel, who was also ignorant of the situation, is no excuse, as it is the business of counsel to know what is going on in cases in which they are employed.

The judgment rendered in favor of Steuer is held erroneous and will be reversed and judgment be rendered in this cas in favor of the Realty Company.

Attorneys—Ralph Blue, for the Realty Company; E H. Rose, for Steuer.

---

No. 546
V. I. Di MENNA v. SAWYER
OhioAppeals, 1st Dist., Hamilton County
No. 2187. Decided June 18, 1923
This opinion has not been published except in Abstract.

PRACTICE—Refusal of leave to file an answer— Failure to file a bill of exceptions—Record insufficient.

Cushing, Buchwalter and Hamilton, JJ.

PER CURIAM:

Defendant, Sawyer, brought an action in the Hamiton Common Pleas to recover a judgment against Di Menna and determine the validity of a lien that he claimed to have on a lavaliere. Summons was served by publication. Leave of court was obtained to file an intervening petition by one Meadows, who filed it but, before trial, presented an entry withdrawing it. Another intervening petition was filed by a man named Loth, who claimed an interest in the property.

On the trial day Di Menna asked leave to file an answer, which court refused and rendered judgment for Sawyer. The sale of the lavaliere was then had and confirmed.

Di Menna then filed a motion and, by entry, secured a stay of execution on the judgment, but failed to comply with the order of the court and the sale was confirmed.

This proceeding is to reverse the judgment of the Common Pleas, the only ground of error being the refusal of the court to grant Di Menna leave to file his answer. He failed to file a bill of exceptions and there is nothing in the record to show what answer he desired to file, or whether it contained a defense to the action. The Court of Appeals held that on the record no error appears prejudicial to Di Menna, and confirmed the judgment of the Common Pleas.

Attorneys—Ryan & Hurley and Earl W. Westerfield, for Di Menna; Sawyer & Paxson, for Sawyer.

---

No. 547
JOHN SALIGO v. STATE
Ohio Appeals. 8th Dist., Cuyahoga County
No. 4705. Decided July 2, 1923
This opinion has not been published except in Abstr

LARCENY—Changing a diamond submitted to pretended purchaser for examination.

Vickery, Sullivan and Levine, JJ.

PER CURIAM.
Epitomized Opinion

Petition in error from Cuyahoga Common Pleas to reverse conviction of Saligo for larceny.

Kaplan, the complaining witness, at the solicitation of Saligo, secured for him a diamond, to be examined and purchased by Saligo, if satisfactory. Kaplan had a diamond of the value of $140, and Saligo called at his store. Kaplan placed it upon a piece of paper on his counter to have Kaplan examine it. Thereupon Saligo asked for a glass, and after Kaplan turned to a desk nearby to get a glass, he noticed the stone had been changed and accused Saligo of changing it, who denied it. A boy who was present was asked to write down Saligo's name and address, and he gave to the boy a false name and address. A warrant was then sworn out and Saligo was arrested, tried and convicted.

The Court of Appeals held that, from the record and arguments of counsel, the jury was warranted in finding Saligo was guilty, and the judgment was confirmed.

Attorneys—Blase Buonpane and I. R. Morris for Saligo; Edward E. Stanton, Pros., contra.